UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAAC YATES,

    Petitioner,                                    Civil Action No. 5:12-cv-10731

v.                                                 HON. JOHN CORBETT O'MEARA

KEN ROMANOWSKI,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY BUT GRANTING PERMISSION FOR AN APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

### I. INTRODUCTION

       This is a habeas matter filed under 28 U.S.C. § 2254. Petitioner Isaac Yates is a Michigan prisoner incarcerated by the Michigan Department of Corrections, currently housed at the West Shoreline Correctional Facility in Muskegon Heights, Michigan, where he is serving a ten- to fifteen-year sentence for a third-degree-criminal-sexual-conduct conviction. Petitioner pleaded guilty to engaging in sexual intercourse with his niece between June 1, 2006 and January 2, 2007, while he temporarily resided in his sister's home. His guilty plea occurred on September 2, 2008, in the Circuit Court in Kent County, Michigan. He was sentenced on October 23, 2008.

       On February 17, 2012, Petitioner filed this Habeas Petition, *pro se*, alleging that his incarceration is unconstitutional. He raises claims concerning his sentence, his ability to pay costs, and the effectiveness of trial counsel.

For the reasons stated below, the Court will deny the Petition and decline to issue Petitioner a Certificate of Appealability but will grant him permission to file an Application for Leave to Proceed *In Forma Pauperis* on Appeal, should he choose to appeal the Court's decision.

## II.  BACKGROUND

Following his guilty plea and sentencing, Petitioner filed a Delayed Application for Leave to Appeal with the Michigan Court of Appeals, raising claims concerning his sentence and his ability to pay costs. The Court of Appeals denied the Delayed Application. *People v. Yates*, No. 289873 (Mich. Ct. App. Mar. 11, 2009) (unpublished). On September 28, 2009, the Michigan Supreme Court denied his Application for Leave to Appeal the Court of Appeals's decision. *People v. Yates*, 485 Mich. 893, 772 N.W.2d 362 (2009) (unpublished table decision).

Subsequently, Petitioner filed a Motion for Relief from Judgment with the state trial court, alleging that his sentence was based on improperly scored and materially inaccurate information and that both trial and appellate counsel were ineffective for failing to argue the scoring errors. The trial court denied his Motion. *People v. Yates*, No. 07-008075-FC (Kent Cnty. Cir. Ct. May 11, 2010). The trial court also denied his Motion for Reconsideration. *People v. Yates*, No. 07-008075-FC (Kent Cnty. Cir. Ct. July 20, 2010). Both state appellate courts denied his Applications for Leave to Appeal because the he failed to meet the burden of establishing entitlement to relief under Michigan's Court Rule 6.508(D). *People v. Yates*, No. 302329 (Mich. Ct. App. May 27, 2011) (unpublished); *People v. Yates*, 490 Mich. 969, 806 N.W.2d 512 (2011) (unpublished table decision).

### III.  DISCUSSION

### A.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when a state court has applied clearly established federal law in an objectively unreasonable manner.  *Id.* at 409.  A federal-habeas court may not issue a writ if it concludes the state court applied clearly established federal law merely erroneously or incorrectly.  *Id.* at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly

deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. ---, ---, 130 S.Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. ---, ---, 131 S.Ct. 770, 786 (2011) (citation omitted). The Supreme Court has emphasized "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 786 (citation omitted).

Although section 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state[-]court's decision conflicts with" the Supreme Court's precedents. *Harrington*, 131 S.Ct. at 786. Indeed, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citation omitted). Thus, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

A state court's factual determinations are presumed correct on federal-habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Further, habeas review is

4

"limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. ---, ---, 131 S.Ct. 1388, 1398 (2011).

With those standards in mind, the Court proceeds to address Petitioner's claims.

### B. Petitioner's claims

### 1. Procedural Default

To the extent that Petitioner's claims are procedurally, the Court nevertheless will address the merits of the claims. Federal courts are not required to address a procedural-default issue before deciding against a petitioner on the merits of his claims. *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003). Thus, putting aside whether Petitioner's claims are in fact procedurally defaulted, "[j]udicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. Here, the interests of judicial economy are best served by addressing the merits of Petitioner's defaulted claims.

### 2. *Blakely* claim

In his first habeas claim, Petitioner argues that the scoring of his sentencing guidelines was based on factual findings or conclusions that were neither admitted by him nor submitted and proven to a jury beyond a reasonable doubt. He relies on the United States Supreme Court's decision in *Blakely v. Washington*, 543 U.S. 296 (2004) for support.

In *Blakely*, the Supreme Court held that, other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable

5

doubt. *Blakely*, 543 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). *Blakely* involved a trial court's departure from the State of Washington's determinate-sentencing structure. In contrast, however, Michigan has an indeterminate-sentencing system; the maximum term of imprisonment is set by law. *People v. Drohan*, 475 Mich. 140, 160-61, 715 N.W.2d 778, 790 (2006). Indeterminate-sentencing schemes do not violate the Sixth Amendment by invading the province of the jury, so long as the defendant is sentenced within the statutory maximum. *Blakely*, 542 U.S. at 304-05, 308-09.

Under Michigan law, the maximum sentence for third-degree criminal sexual conduct is fifteen years in prison. MCL § 750.520d(2). In this case, the trial judge did not exceed the statutory maximum and there is no Sixth Amendment violation. Petitioner's sentence fell within the statutorily authorized maximum penalty–fifteen years. Because *Blakely* does not apply to indeterminate-sentencing schemes like the one utilized in Michigan, the trial judge's sentence did not violate Petitioner's constitutional rights.

Additionally, an argument, such as Petitioner's, has been foreclosed by the Sixth Circuit's decisions in *Montes v. Trombley*, 599 F.3d 490, 497 (6th Cir. 2010) and *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009), holding that the *Apprendi* line of cases do not apply to Michigan's indeterminate-sentencing scheme because judicial factfinding affects only the minimum sentence. This Court is bound by those decisions. Therefore, Petitioner is not entitled to habeas relief with respect to this claim.

### 3. Costs claim

In his second habeas claim, Petitioner argues that his due-process rights were violated when the trial court failed to ask about his ability to pay costs before ordering payment. This claim does not provide a cognizable basis for habeas relief.

First, the Court may not grant habeas relief on the basis of a perceived error of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (holding that habeas review does not lie for errors of state law). Habeas relief may only be granted where a state court's decision is "contrary to or involved an unreasonable application of clearly established Federal law." 28 U.S.C. § 2254(d).

Second, the habeas statute provides that a federal court may entertain a habeas application from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because an order of restitution has no bearing on the validity or duration of a prisoner's custody, a challenge to the order of restitution is not cognizable under section 2254. *See Carter v. Smith*, No. 06-CV-11927, 2007 WL 325358, at *7 (E.D. Mich. Jan. 31, 2007) (Steeh, J.) (citations omitted). Petitioner is not in custody because of his inability to pay the costs. Rather, he is in custody due to his guilty plea to one count of third-degree criminal sexual conduct. As such, Petitioner is not entitled to habeas relief on this claim.

### 4. Sentencing-scoring and ineffective-assistance claims

In his third habeas claim, Petitioner argues that the trial court improperly scored Prior Record Variable (PRV) 2 (crimes against a person) and Offense Variables (OV) 3, 11, 12, and 13, which caused a violation of his due-process rights. In a related claim, Petitioner alleges that trial counsel was ineffective for failing to raise these claims.

Claims regarding the improper scoring of sentencing guidelines are state-law claims and not cognizable in habeas-corpus proceedings. *Estelle*, 502 U.S. at 67-68; *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law and are not cognizable in federal-habeas review).

However, a criminal defendant possesses a constitutional right not to be sentenced on the basis of "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)); *see also Koras v. Robinson*, 123 F. App'x 207, 213 (6th Cir. 2005) (same). A *Tucker* violation arises only where the improper information "actually served as the basis for the sentence." *United States v. Jones*, 40 F. App'x 15, 17 (6th Cir. 2002) (citations omitted); *Tucker*, 404 U.S. at 444, 447.

To be entitled to habeas relief on this claim Petitioner "must show that the sentencing court actually relied on this information and that it was materially false." *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1074 (E.D. Mich. 2000) (Gadola, J.); *see also Collins v. Buchkoe*, 493 F.2d 343, 345-46 (6th Cir. 1974) (same). When a petitioner fails to demonstrate that the sentencing court relied upon materially false information in imposing the sentence, the claim is without merit. *Thomas v. Foltz*, 654 F. Supp. 105, 108 (E.D. Mich. 1987) (Cohn, J.).

Petitioner has made no such showing. In this case, Petitioner was afforded an opportunity to refute information regarding the scoring of his guidelines. He did not raise any objections. Rather, he agreed with the Report's accuracy. Thus, he has failed to establish that the trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. He also has not shown that he was prejudiced by any state-law error or miscalculation. Therefore, habeas relief is not warranted on this claim.

Petitioner also raises a related ineffective-assistance claim with respect to this issue. The Court finds that he is unable to show that counsel was ineffective in regard to the trial court allegedly improperly scoring his sentencing guidelines.

Ineffective-assistance claims are analyzed under the *Strickland v. Washington*, 466 U.S. 668 (1984) standard. Petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687-88. The two-part *Strickland* test applies to challenges to guilty pleas based on claims of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In this context, the first half of the *Strickland* test is the same standard set forth. *Id.* However, the second, or "prejudice," requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the prejudice requirement, Petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.* Moreover, in light of the Untied States Supreme Court's rulings in *Lafler v. Cooper*, --- U.S. ---, 132 S.Ct. 1376 (2012) and *Missouri v. Frye*, --- U.S. ---, 132 S.Ct. 1399 (2012), it is clear that a defendant's Sixth Amendment right to counsel extends to plea negotiations. *Cooper*, 132 S.Ct. at 1384; *Frye*, 132 S.Ct. at 1407.

A review of the record in this case shows that the trial court's assessment of PR 2, and OVs 3, 11, 12, and 13 was supported by the evidence in the Sentencing Report. In the Presentence Information Report, Petitioner's adult criminal history records are listed. The history reveals that the trial court's score was accurate; Petitioner was scored ten points for two

prior low-severity, felony convictions. With respect to the scoring of the OVs, the victim, who was Petitioner's niece and was between the ages of thirteen and sixteen at the time of the incidents, conveyed that she had been sexually assaulted several times per week over the course of the six-month period that Petitioner lived with them. Those assaults involved both digital and penile penetration and occurred several times a day. Such information in the Report supports the scoring of OVs 3, 11,12, and 13.

Because the scoring is supported by the information in the Presentence Information Report, any objection by trial counsel would have been meritless. Counsel cannot be deemed ineffective for failing to raise meritless objections. *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000); *see also Coleman v. Curtin*, 425 F. App'x 483, 485 (6th Cir. 2011), *cert. denied*, --- U.S. ---, 132 S.Ct. 848 (2011) (same).

Furthermore, Petitioner has failed to establish that he would have insisted on going to trial instead of entering a guilty plea. He received a substantial benefit in exchange for his guilty plea. Had he proceeded to trial, he would have faced two additional charges, first-degree criminal sexual conduct, which carries a penalty of up to life in prison, and accosting children for immoral purposes, which carries a penalty of up to four years in prison. The Court finds it hard to believe that he would have opted for trial in light of such a beneficial plea. Thus, habeas relief is not warranted.

### C.  No Certificate of appealability

The Court also will decline to issue a certificate of appealability (COA) to Petitioner. A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.  When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack*, 529 U.S. at 484-85.

The Court concludes that jurists of reason would not find its assessment of Petitioner's case debatable or wrong.  The Court thus declines to issue him a COA.

Although the Court denies a COA to Petitioner, the standard for granting an Application for Leave to Proceed *In Forma Pauperis* (IFP) on Appeal is a lower standard than the standard for COAs.  *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002).  A COA may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right,

but a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster*, 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith. Petitioner may proceed IFP on appeal. *Id.*

## IV. CONCLUSION

Accordingly,

It is hereby ordered that Petitioner's "Petition for a Writ of Habeas Corpus" [ECF No. 1] is denied.

It is further ordered that the Court declines to issue Petitioner a COA.

It is further ordered that permission to proceed IFP on appeal is granted.

s/John Corbett O'Meara<br>
United States District Judge

Date: April 17, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 17, 2013, using the ECF system and/or ordinary mail.

s/William Barkholz<br>
Case Manager